UNITED STATES of America, Plaintiff–Appellee,

v.

Marcelino CORRALES–QUINTERO, aka, Marcelino Quintero–Corrales Defendant—Appellant.

No. 00–50129.
D.C. No. CR–97–0385–BTM.

United States Court of Appeals, Ninth Circuit.

Submitted March 21, 2002.*

Decided March 25, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.P. 34(a)(2).

Before RYMER, T.G. NELSON, and WARDLAW, Circuit Judges.

### ORDER

This case is resubmitted on the briefs as of March 21, 2002.

### MEMORANDUM**

Marcelino Corrales–Quintero challenges his convictions for conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 and for money laundering in violation of 18 U.S.C. § 1957. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ 1. The Government does not violate 18 U.S.C. § 201(c)(2) when it grants its witnesses' sentencing leniency in exchange for testimony. *United States v. Mattarolo,* 209 F.3d 1153 (9th Cir.2000). Every circuit that has considered this question agrees. *See United States v. Smith,* 196 F.3d 1034 (9th Cir.1999) (summarily reviewing the holdings of all other circuits in reaching the conclusion that when the Government grants immunity in exchange for testimony it does not violate 18 U.S.C. § 201(c)(2)); *see also United States v. Hunte,* 193 F.3d 173, 175–76 (3d Cir.1999) (concluding that "nothing in the statute that even approaches the type of clear statement" that would be required to demonstrate that Congress intended "whoever," as used in the statute was intended to apply to Government officials); *United States v. Singleton,* 165 F.3d 1297, 1298 (10th Cir.1999) (en banc) (vacating panel decision and holding that 18 U.S.C. § 201(c)(2) did "not apply to the United States or an Assistant United States Attorney functioning within the official scope of the office"); *United States v. Lowery,* 166 F.3d 1119, 1122–24 (11th Cir.1999) (squarely rejecting the argument advanced by Corrales–Quintero that leniency-for-testimony agreements were prohibited by the plain language of 18 U.S.C. § 201(c)(2)); *United States v. Ramsey,* 165 F.3d 980, 986–91 (D.C.Cir.1999) (holding that none of the legislative history indicated that Congress intended 18 U.S.C. § 201(c)(2) to apply to the government). As a result, Corrales–Quintero's argument that the Government impermissibly induced witnesses' testimony with promises of reduced prison terms, money, and collateral benefits must fail.

■ 2. Corrales–Quintero's sentence is not deficient under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Under *Apprendi,* "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

2362–63. Ordinarily, the question of drug type and quantity must be found by a jury beyond a reasonable doubt if it is to be used to enhance a defendant's sentence beyond the statutory maximum for violating 21 U.S.C. §§ 841(a)(1) and 846. *United States v. Buckland,* 277 F.3d 1173, 1182 (9th Cir.2002). In this case, however, on the first day of trial, the Government introduced into evidence a stipulation between it and Corrales–Quintero as to the type and quantity of drugs seized, thereby conclusively establishing the fact of drug type and quantity. *See Old Chief v. United States,* 519 U.S. 172, 186, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). Therefore, the district judge did not violate the rule of *Apprendi* when he increased Corrales–Quintero's sentence beyond the statutory maximum based on the stipulated drug quantity.

3. Because we find no *Apprendi* error, we do not reach the constitutional questions raised by Corrales–Quintero.

AFFIRMED.